Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, June 25, 2007 8:55:18 AM

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHESTER LEWIS ROBINSON, | ) | Case No. 05-2338 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| CINDY L. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 05-137 |
| | ) | |
| CHESTER L. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Chester Lewis Robinson (the "Debtor") requests that this court reconsider its Memorandum Opinion and Order entered on February 5, 2007, to the extent that the court determined that an unrecorded judicial lien held by Cindy L. Robinson (the "Plaintiff") could be enforced against the Debtor's real property notwithstanding the entry of the Debtor's discharge under 11 U.S.C. § 727.

The court held oral arguments on the Debtor's motion on April 26, 2007, at which time the court took the matter under advisement. For the reasons stated herein, the court will deny the Debtor's motion.

### I. STANDARD OF REVIEW

A motion for reconsideration is not specifically provided for in the Federal Rules of Civil Procedure; rather, such motions generally fall within the parameters of Fed. R. Civ. P. 59(e), which allow a party to file a motion to alter or amend a judgment. Fed. R. Bankr. P. 9023; 12 *Moore's Federal Practice - Civil*

§ 59.30[2][a] (3d ed. 2005) ("[A] Rule 59(e) motion involves the reconsideration of matters properly encompassed in a decision on the merits."). A Rule 59(e) motion may be granted on one of three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1983). Reconsideration under Rule 59(e) is an extraordinary remedy to be used sparingly, and its may not be used to relitigate old matter in an attempt to "ask the court to 'rethink what the court has already thought through – rightly or wrongly.' " *Charleston Area Med. Ctr., Inc. v. Parke-Davis*, No. 5:00CV132, 2002 U.S. Dist. LEXIS 27931 at *9 (N.D.W. Va. Sept. 26, 2002).

In this case, the Debtor has asserted that the court made a clear error of law in its February 5, 2007 Memorandum Opinion. More specifically, the Debtor states that the court has overturned 150 years of settled law and that the court's opinion, if allowed to stand, "will create an immediate cloud on title to any piece of real estate sold by a former debtor in bankruptcy who had unrecorded judgments against him." (Document No. 56, p. 3-4).

## II. BACKGROUND

The relevant facts of this case were fully set forth in the court's earlier Memorandum Opinion, the relevant portion of which is reproduced here:

> Prior to the parties' marriage, the Debtor owned a home situated on a 12.75 acre parcel of real estate. During their marriage, both parties worked periodically and contributed to the household. The parties began divorce proceedings in 2003, and the final divorce decree was issued on January 7, 2005. The State court determined that the real estate increased in value by approximately $ 24,700.00 during the parties' marriage. Pursuant to the divorce decree, the increase in equity was considered marital property and divided equally. In that regard, the Debtor maintained full ownership of the real estate, while the Plaintiff was to receive a cash payment of $ 12,350.00 from the Debtor. The divorce decree granted the Plaintiff a judgment against the Debtor in the amount of $ 12,350.00 and a hot tub; the Plaintiff, however, has failed to record the judgment as a lien of record. The Debtor was not able to pay his judgment and filed his Chapter 7 bankruptcy on May 24, 2005.

*Robinson v. Robinson (In re Robinson)*, No. 05-137, 2007 Bankr. LEXIS 473 at *2-3 (Bankr. N.D.W. Va. Feb. 5, 2007).

Based on these facts, the court concluded that, pursuant to W. Va. Code § 36-3-6, the Plaintiff

-2-

possessed an unrecorded judgment lien against the Debtor's real property that passed through the Debtor's bankruptcy. *Id.* at *19-20. Because the case only involved the judgment debtor and his judgment creditor, the court distinguished the facts of the case from determinations as to the validity of unrecorded judgment liens as against third party bona fide purchasers and other judgment creditors. *Id.* at *20-23. Rejecting the Debtor's argument that the Plainitff's judgment lien was no longer valid considering that the underlying obligation on which the judgment was based was a dischargeable debt, the court reasoned that a discharge in bankruptcy extinguished only the Debtor's personal liability on the judgment – nothing about the discharge injunction extinguished the Plaintiff's in rem property right in the Debtor's real property that is afforded by § 38-3-6 of the West Virginia Code. *Id.* at *24-26. Consequently, the court concluded that Ms. Robinson's in rem property right, which was created under State law, survived as a lien against the Debtor's property. *Id.* at *26 ("In short, the Plaintiff has a judgment lien against the Debtor that has attached to the Debtor's real property, but which is not perfected against other creditors or bona fide purchasers without notice. As between the parties, that judgment lien continues to exist with respect to the Debtor's real property notwithstanding the Debtor's discharge of personal liability on the judgment lien debt.").

### III. DISCUSSION

The Debtor asserts that this court made a clear error of law in holding than an unrecorded judgment lien remains enforceable against the Debtor's real property after the entry of the Debtor's bankruptcy discharge. The Debtor contends that under West Virginia law, when the Debtor's personal liability on the judgment was discharged in bankruptcy, then the judgment lien is also discharged. The Debtor bases his argument on the following language:

> Every judgment for money rendered in this State . . . shall be a lien on all the real estate of or to which the defendant in such judgment is or becomes possessed or entitled, at or after the date of such judgment . . . . Such lien shall continue so long as such judgment remains valid and enforceable, and has not been released or otherwise *discharged*.

W. Va. Code § 38-3-6 (emphasis added).

According to the Debtor, the judgment lien granted by § 38-3-6 only continues to be in effect until the underlying judgment is found to be invalid, is released, or until it is discharged. A discharge in

-3-

bankruptcy, the Debtor argues, satisfies the conditions stated in § 38-3-6 such that the judgment lien is extinguished with the discharge of the Debtor's personal liability on the judgment.

The language of § 38-3-6 makes no distinction between recorded and unrecorded judgments: both are a lien on the judgment debtor's real property.[1] *E.g.*, *Richardson v. White*, 127 S.E. 636, 636-37 (W. Va. 1925) (stating that it is not necessary that a judgment be recorded in the real property records to attach to the judgment debtor's property). Thus, under West Virginia law, a judgment creditor is afforded an in rem property right with the entry of the judgment and no further step is necessary to transform what was formerly only a debtor's personal liability into that in rem right. While the judgment is a declaration of personal liability, the judgment lien represents security for the underlying debt and conveys a right of execution to the judgment creditor in satisfaction of the debt. *See generally Lamon v. Gold*, 79 S.E 728, 729 (W. Va. 1913) (illustrating the bifurcation of rights afforded by a judgment, both in rem and in personam, each of which are treated differently); 46 Am. Jur. 2d *Judgments* § 342 (2006). Whether or not a judgment creditor has perfected his or her interest as against third parties bears no relation to whether or not the security interest of the judgment creditor has attached to the debtor's property. *E.g.*, *Renick v. Ludington*, 20 W. Va. 511, 559 (1882) ("[A]s between the judgment creditor and debtor, the statute requiring the judgment to be docketed [to be perfected against third parties] has no application of force.").

When a debtor in bankruptcy receives a discharge under 11 U.S.C. § 524, the entry of that

---

[1] The consequences of a failure to docket a judgment is set forth in § 38-3-7. That section provides that "[n]o judgment shall be a lien as against a purchaser of real estate for valuable consideration, without notice, unless it be docketed . . . in the county wherein such real estate is, before a deed therefor to such purchaser is delivered for record to the clerk of the county court . . . ." W. Va. Code § 38-3-7. This statutory protection for third party bona fide purchasers has been extended by the Supreme Court of Appeals of West Virginia to deed of trust creditors. *E.g.*, *Amato v. Hall*, 174 S.E. 686, 687 (W. Va. 1934) ("A beneficiary under a deed of trust on real estate is deemed a purchaser within the meaning of the statute."); *see also Collier v. United States (In re Charco, Inc.)*, 432 F.3d 300, 306 (4th Cir. 2005) ("[T]he West Virginia Supreme Court has extended § 38-3-7 to apply also to deed-of-trust creditors . . . .").

If the Debtor is correct in his argument that a discharge in bankruptcy extinguishes a judgment lien under § 38-3-6, then both recorded and unrecorded judgments would seem to be encompassed within the Debtor's argument inasmuch as § 38-3-7 only provides for perfection as against certain third parties and does not itself create a judgment lien.

-4-

discharge voids any personal liability that the debtor may have with respect to a lien against the debtor's real property. 11 U.S.C. § 524(a)(1) ("A discharge in a case under this title – (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor . . . ."). With respect to a judgment lien, this means that a debtor's personal liability on the judgment lien is discharged; however, the personal discharge does not extinguish the rights of judgment lien creditors in the attached real property. *E.g.*, *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an action against the debtor in personam – while leaving intact another – namely, an action against the debtor in rem"); *Garran v. SMS Fin. V, LLC (In re Garran)*, 338 F.3d 1, 5 (1st Cir. 2003) ("Since a judicial lien attached to property is a liability in rem, it is not routinely discharged at the conclusion of the bankruptcy case."); *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995) ("[L]iens pass through bankruptcy unaffected. A bankruptcy discharge extinguishes only in personam claims against the debtor(s), but generally has no effect on an in rem claim against the debtor's property."); *Wrenn v. American Cast Iron Pipe Co. (In re Wrenn)*, 40 F.3d 1162, 1164 (11th Cir. 1994) ("We therefore conclude that [the judgment] lien remains enforceable [after discharge], unless some provision of the Bankruptcy Code aside from the discharge provision makes the lien avoidable.").

Importantly, a discharge in bankruptcy does not extinguish debt – the debt is still in existence – only the debtor's personal liability for the payment of that debt is discharged by the Bankruptcy Code. *E.g.*, *United States v. Alfano*, 34 F. Supp. 2d 827, 841 (E.D.N.Y. 1999) ("Part of the conceptual difficulty may arise from the interplay between a discharge of the debtor's debt and an extinguishment of the creditor's claim. The key point is that although a debtor's debt may be personally discharged in bankruptcy, the underlying debt is not extinguished."). For example, Black's Law Dictionary makes a distinction between the term "discharge" – as it is commonly understood – and how the term is used in the context of a bankruptcy:

> **discharge** (dis-chahrj), *n*. 1. Any method by which a legal duty is extinguished; esp., the payment of a debt or satisfaction of some other obligation. 2. *Bankruptcy*. The release of a debtor from monetary obligations upon adjudication of a bankruptcy; DISCHARGE IN BANKRUPTCY. Cf. RELEASE (1).

*Black's Law Dictionary* 495 (8th ed. 2004).

Accordingly, a discharge in bankruptcy has no effect on the validity of the underlying debt; rather, a discharge in bankruptcy merely releases the debtor from any obligation that the debtor has to repay that debt. The Plaintiff in this case has not undertaken any act to release, or otherwise extinguish, the judgment – it is merely uncollectible as a personal obligation of the Debtor.

In sum, a judgment lien is a property right that secures the underlying obligation on which the judgment is based. A discharge in bankruptcy does not "release" or "discharge" the obligation on which the underlying judgment is based in the sense that obligation is extinguished. The debt, to the extent that it is not paid in bankruptcy, still exists after entry of discharge: the discharge only renders the obligation uncollectible as a personal liability of the judgment debtor. Because the bankruptcy discharge only discharges a debtor's personal liability on the debt and leaves the judgment lien in place against a debtor's property, the judgment remains valid and enforceable as against the debtor's property. The freedom from repayment that the Bankruptcy Code's discharge injunction bestows on an individual is not a "discharge" of a judgment as contemplated by W. Va. Code § 38-3-6 because nothing happens to extinguish the obligation owed to the judgment creditor. Consequently, in this case, the lien afforded by § 38-3-6 continues after the Debtor's discharge in bankruptcy because the judgment remains valid, the judgment is enforceable against the debtor's property, the Plaintiff has not taken any step to release the judgment, and the judgment is not one that is "discharged" in the sense that the judgment is extinguished.

## IV. CONCLUSION

For the above-stated reasons, the court is not convinced that it made a clear error of law in it February 5, 2007 Memorandum Opinion when it concluded that the Plaintiff's unrecorded judgment lien in the Debtor's real property survived the Debtor's bankruptcy discharge. Consequently, the Debtor's motion for reconsideration under Fed. R. Bankr. P. 9023 will be denied.

Likewise, in denying the Debtor's motion for reconsideration, the court does not feel that it is necessary to open the issue at stake to amicus briefing, or to certify it to the Supreme Court of Appeals of West Virginia as suggested by the Debtor. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.